UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

|  |  |
|---|---|
| ANTHONY M. OLIVIERI, ) | |
|  Petitioner, ) | |
| v. ) | No. 04-2032 |
| LEE RYKER, Warden ) | |
| of Lincoln Correctional Center,[1] ) | |
|  Respondent. ) | |

ORDER

In the early morning hours of November 27, 1999, the petitioner, Anthony Olivieri ("Olivieri"), forced his way into his former girlfriend's home, battered her rather severely, and then committed at least three acts of sexual penetration, including oral, vaginal, and anal penetrations. Olivieri and the woman had been in a long-term sexual relationship, and Olivieri had lived with the victim up until a few days before the assault. At trial, Olivieri claimed that the sex, which came after the beating, was consensual. The victim testified that the sex was not consensual; Olivieri had threatened to kill her, and she feared for her life.[2]

A jury convicted Olivieri of three counts of aggravated criminal sexual assault and two counts of home invasion. Based on the State's recommendation, the trial court merged the two counts of home invasion. Olivieri argued that the three aggravated criminal sexual assault counts should also be merged because the counts were charged in the alternative and the charging document did not afford him notice that the State was prosecuting each act of penetration as a separate offense. The trial court merged the home invasion into the remaining counts and sentenced Olivieri on three counts of aggravated criminal sexual assault counts. Olivieri was sentenced to ten years on each count, to be served consecutively.

---

[1] When he filed his petition, Olivieri was in the custody of Warden Eugene McAdory. He is now in the custody of Warden Lee Ryker. Accordingly, the court has substituted Warden Ryker as the appropriate respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

[2] The facts are taken from the Illinois Appellate Court opinion in *People v. Olivieri*, 778 N.E.2d 714 (Ill. App. Ct. 2002).

Olivieri appealed his conviction and sentencing to the Illinois Appellate Court, Fourth District, on two grounds. He argued that he did not receive a fair trial because he was charged with a single offense under three different theories of criminal culpability, yet was convicted and sentenced on three separate counts of aggravated criminal sexual assault. He also argued that he was not proven guilty beyond a reasonable doubt because there was no independent evidence to corroborate the complainant's testimony. The appellate court affirmed the convictions and consecutive sentences. Olivieri sought leave to appeal to the Illinois Supreme Court, which was denied.

Olivieri has filed a petition for a writ of habeas corpus as to his convictions and sentences. For the reasons discussed below, Olivieri's petition is denied.

## ANALYSIS

Because this petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), AEDPA law governs this court's review of Olivieri's petition. Under 28 U.S.C. § 2254(d), an application for habeas corpus relief will be granted if State adjudication:

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

In this analysis, "[a] state court decision is 'contrary to' clearly established Supreme Court precedent when the state applies a rule different from governing Supreme Court cases or confronts a set of facts that is materially indistinguishable from those of a Supreme Court decision and arrives at a different conclusion." *Lambert v. McBride*, 365 F.3d 557, 561 (7th Cir. 2004). However, a state court need not reference, or even be aware of, Supreme Court cases in order to avoid its decision being "contrary to" Supreme Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the State court decision contradicts [Supreme Court cases]," a State court decision will satisfy this element upon Federal review. *Early*, 537 U.S. at 8.

Also under § 2254(d)(1), the court should determine whether the State court unreasonably applied the appropriate Supreme Court rule to Olivieri's case. The Seventh Circuit has stated that "[a] state court decision results in an 'unreasonable application of clearly established federal law' when that court 'identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case.'" *Harris v. Cotton*, 365 F.3d 552, 555 (7th Cir. 2004) (*citing Williams v. Taylor*,

529 U.S. 362, 407 (2000)). Unreasonable application of Supreme Court precedent to the facts of the case only occurs if the State court's decision "l[ies] well outside the boundaries of permissible differences of opinion." *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).

Habeas relief is warranted under § 2254(d)(2) only if the State court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

<u>Claim I – Failure to provide adequate notice of the charges</u>

Olivieri was charged by information with three separate counts of aggravated criminal sexual assault. The counts were set forth in the charging document as follows:

Count III - AGGRAVATED CRIMINAL SEXUAL ASSAULT, in that [Olivieri], in committing a Criminal Sexual Assault, caused bodily harm to [the victim], in violation of 720 ILCS 5/12-14(a)(2).

Count IV - AGGRAVATED CRIMINAL SEXUAL ASSAULT, in that [Olivieri], in committing a Criminal Sexual Assault, acted in such a manner as to threaten or endanger the life of [the victim], in violation of 720 ILCS 5/12-14(a)(3).

Count V - AGGRAVATED CRIMINAL SEXUAL ASSAULT, in that [Olivieri], in committing a Criminal Sexual Assault during the course of the commission or attempted commission of another felony by the accused, Home Invasion, in violation [sic] of 720 ILCS 5/12-14(a)(4).

On direct review, Olivieri argued that the State failed to provide adequate notice that he was facing three separate, rather than alternative, charges. The Illinois Appellate Court disagreed, noting, "The State clearly charged defendant with three separate counts of aggravated criminal sexual assault, and defendant was on notice of his need to defend against all three counts. Moreover, and contrary to defendant's assertion, defendant was not charged alternatively with three counts of aggravated criminal sexual assault." *Olivieri*, 778 N.E.2d at 716.[3] In denying Olivieri's claim, the Court noted that the State's opening statement alleged three separate acts and the closing argument articulated three separate sexual penetrations. *Olivieri*, 778 N.E.2d at 717. The jury convicted Olivieri of three separate crimes of criminal sexual assault by (1) threatening the victim; (2) causing bodily harm; and (3) acting during a home invasion. *Olivieri*, 778 N.E.2d at 718.

In his habeas petition, Olivieri argues that the State's failure to provide adequate notice that it was pursuing all three counts of aggravated criminal sexual assault violated his constitutional

---

[3] The Court further noted that Olivieri could have requested a bill of particulars if he'd wished to know more of the details of the charges. *Olivieri*, 778 N.E.2d at 718.

3

rights to due process and equal protection. Olivieri correctly argues that the three different types of sexual penetration do not subject him to prosecution for three separate crimes of aggravated criminal sexual assault. But the different types of penetration did not result in the three different charges; each charge could be sustained on its own with a single act of penetration. It was the commission of three different aggravating factors, as charged in the information, that resulted in his conviction and sentencing for three different crimes.

The Supreme Court has stated:

> [A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.

*Hamling v. United States*, 418 U.S. 87, 117 (1974); *see also Russell v. United States*, 369 U.S. 749, 763-64 (1962); *United States v. Anderson*, 280 F.3d 1121, 1124 (7th Cir. 2002); *United States v. Smith*, 230 F.3d 300, 305 (7th Cir. 2000). The standard applied by the Illinois Appellate Court was not contradictory to governing Supreme Court cases. *See* 28 U.S.C. § 2254(d)(1).

The second question under § 2254(d)(1) is whether the Illinois Appellate Court *unreasonably* applied the appropriate Supreme Court rule to Olivieri's case. *See Harris*, 365 F.3d at 555. In other words, the State court's decision must be more than merely incorrect. *Hardaway*, 302 F.3d at 762. In Olivieri's case, the state court noted, "In addition to the clear language in the charging instrument, the evidence presented throughout the preliminary hearing, trial and sentencing consistently references three separate assaults, in keeping with the manner in which the defendant was charged. . . . [A]t trial, the State presented and argued the case – without objection – to the jury as five separate crimes." *Olivieri*, 778 N.E.2d at 717. Olivieri may have assumed, hoped or expected those crimes to be prosecuted in the alternative, but the State does not violate a criminal defendant's constitutional rights by failing to meet his assumption, hope or expectation.

Olivieri admitted at trial that he did break into the victim's home, threaten her, and cause her injury by beating her. *Olivieri*, 778 N.E.2d at 715. There is nothing in the record to indicate the Illinois courts made an unreasonable determination of the facts in light of the evidence presented, as would be required by 28 U.S.C. § 2254(d)(2).

<u>Claim II – Insufficient evidence to support a finding of guilt beyond a reasonable doubt</u>

Olivieri argues that he was denied his constitutional right to be proven guilty beyond a reasonable doubt. He claims that the victim changed her version of the incident several times, and her version was uncorroborated by evidence of forced sex – for example, torn clothing or bruising at the areas of penetration. In essence, he argues that without corroborating evidence for either side, no reasonable jury could believe the victim's version of the incident.

Under § 2254(d)(1), this court must determine if the Illinois decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). On this issue, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also Johnson v. Bett*, 349 F.3d 1030, 1034 (7th Cir. 2003).

The *Jackson* standard is identical to that employed by the Illinois Appellate Court in Olivieri's case. "When reviewing the sufficiency of the evidence on appeal, the test on review is whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Olivieri*, 778 N.E.2d at 715. The Illinois Appellate Court's use of this standard is in no way contrary to clearly established Supreme Court precedent.

The remaining question under § 2254(d)(1) is whether the Illinois court unreasonably applied the *Jackson* standard to the facts of this case. Specifically, "within this framework, the precise legal question . . . is . . . 'Was it objectively unreasonable for the Illinois Appellate Court to conclude that any rational trier of fact, after viewing the evidence in the light most favorable to the state, could have found the essential elements of [aggravated criminal sexual assault] beyond a reasonable doubt.'" *McFowler v. Jaimet,* 349 F.3d 436, 447 (7th Cir. 2003).

The Illinois Appellate Court, rejecting Olivieri's argument, stated:

> The requirement that a sex-offense victim's testimony be corroborated was specifically abandoned by the Illinois Supreme Court a decade ago in *People v. Schott*, 582 N.E.2d 690, 696-97 (1991) . . . The victim's testimony, if believed by the jury, proved the elements of each count of aggravated criminal sexual assault beyond a reasonable doubt. We will not substitute our judgment of the credibility of the witnesses for that of the jury.

*Olivieri*, 778 N.E.2d at 716. Deferring to the trier of fact on issues of credibility has long been found to be reasonable. *See, e.g., Murrell v. Frank*, 332 F.3d 1102, 1112 (7th Cir. 2003).

As noted above, there is nothing in the record to indicate the Illinois courts made an unreasonable determination of the facts in light of the evidence presented, as would be required under 28 U.S.C. § 2254(d)(2). Olivieri does not dispute that victim testified against him, or that her version of the incident, if believed, would point to conviction. He simply argues that the lack of physical evidence leads to the conclusion that there was insufficient evidence to convict him. The Illinois Appellate Court disagreed, as does this court.

The Illinois Appellate Court did not err in concluding the evidence was adequate to convict Olivieri.

## CONCLUSION

Olivieri's petition for a writ of habeas corpus [3] is denied in its entirety.

ENTERED this 23rd day of March, 2007.

        **s\Harold A. Baker**
        _____
        HAROLD A. BAKER
        U.S. DISTRICT JUDGE